IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.        Criminal Action No. 3:02CR7-2

ERNEST CARR,

    Defendant.

## REPORT AND RECOMMENDATION

On October 26, 2005, came the United States of America by Thomas O. Mucklow, Assistant United States Attorney, and the Defendant, ANGEL MANUEL GONZALEZ, in person and by his counsel, Amanda L. Lewis, and the Defendant, MATTHEW DWAYNE SMITH, in person and by his counsel, Kevin T. Tipton and the Defendant, ERNEST VAN CARR, in person and by his counsel, Edmund J. Rollo, for a hearing on pretrial motions. The Court proceeded to hear each of the Defendants Motions separately and will enter separate orders for each defendant. This order reflects the actions taken with regard to the motions presented by Defendant Carr.

### A. Background

Defendant is one of three defendants in this eleven (11) count indictment. He is charged with conspiring with others to commit an offense against the United States, that is to violate Title 21, United States Code, Section 841(a)(1) and other related drug offenses.

### B. Motions

**1. Motion to Dismiss Count One of the Indictments; and Motion to Dismiss Count One of the Second Superseding Indictment; and Motion for Relief from Prejudicial Joinder Contentions of the Parties**

Defendant contends that Count One of the Indictment charges the Defendant, in general

terms, of conspiring to sell crack "with other persons known and unknown to the Grand Jury" from January , 2002, through January 20, 2005. The other conspirators have not been identified. In addition, Defendant contends that there are no charges of possession or distribution of crack against Defendant Carr for 2002, 2003, or during the first half of 2004. Defendant Carr was incarcerated in Frederick County, Maryland from October, 2003, until May 2004. Therefore, Defendant requests that the Conspiracy Count be dismissed or alternatively that he be severed from the other Defendants.

The United States contends that the defendant was properly joined under Rule 8(b) of the Federal Rules of Criminal Procedure. The defendant is name in the conspiracy and in several substantive counts with acting in concert with other named co-defendants in the same act and transaction and in the same series of act and transactions. Defendant bears the burden of showing that a miscarriage of justice would result if there was a joint trial and Defendant has failed to meet this burden. With regards to the Motion to Dismiss Count One, "Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the Defendant and the conspiracy to support conviction." Burgos, 860. This is a jury question which should be based on all the facts and circumstances.

Decision

The Court finds that this is a factual matter for trial. It is hereby **RECOMMENDED** that Defendant's First and Second Motions to Dismiss Count One of the Superceding Indictment be **DENIED** and that Defendant Motion for Relief from Prejudicial Joinder be **DENIED.**

**2. Motion to Dismiss Count 10 of the Indictment**

Contentions of the Parties

Defendant contends that Count 10 of the Indictment charges him with possession of crack cocaine that was found in the pocket of Defendant Smith. Defendant Carr contends that he did not have actual or "constructive possession" of the drugs. Defendant Carr asserts there is no evidence that he had knowledge of the drugs or that he had the power to exercise control over it.

The United States contends that Defendant Carr is indicted for aiding and abetting Mr. Smith in this possession with the intent to distribute cocaine base. These are questions for the jury to make based on all the facts and circumstances in the case.

Decision

The Court finds that this is a factual matter for trial. It is hereby **RECOMMENDED** that Defendant's Motion to Dismiss Count Ten of the Superceding Indictment be **DENIED.**

**IT IS FURTHER ORDERED THAT:**

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: 10-27-05

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE