IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERNEST VAN CARR,

        Petitioner,

v.                                          Civil Action No. 3:08CV123
                                            Criminal Action No. 3:05CR7-2
UNITED STATES OF AMERICA,    (JUDGE BAILEY)

        Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. INTRODUCTION**

On August 7, 2008, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.[1] On August 11, 2008, the Court ordered the United States to respond.[2] The United States filed its Response to Petitioner's Motion Made Pursuant to 28 USC 2255 on September 9, 2008.[3] Petitioner filed a Motion for Extension of Time to File Reply on September 17, 2008,[4] which was granted by the Court on September 18, 2008.[5] Petitioner never filed a Reply.

**II. FACTS**

---

[1] Docket No. 402

[2] Docket No. 412

[3] Docket No. 417

[4] Docket No. 420

[5] Docket No. 422

**A.     Conviction and Sentence**

Petitioner, Matthew Dwayne Smith and Angel Gonzalez, were named in a Second Superseding Indictment charging them with various acts of drug trafficking.

Petitioner, Smith and Gonzalez were charged in Count 1 with engaging in a conspiracy to distribute cocaine base, also known as "crack," in violation of Title 21, United States Code, Section 846.

Smith was also charged in Counts 2, 3, 4, 5, 6, 7, 8, and 9 with distribution and Count 10 with possession with intent to distribute cocaine[6] in violation of Title 21, United States Code, Section 841(a)(1).

Carr was also charged in Counts 8 and 9 with distribution and Count 10 with possession with intent to distribute cocaine.

Gonzalez was also charged in Counts 5 and 11 with distribution of cocaine.

Petitioner proceeded, along with his co-defendants, to a jury trial held before then Chief Judge Irene M. Keeley on January 9, 2006. The trial lasted six days, concluding on January 18, 2006 with the following jury verdict:

> Smith – Guilty as to Counts 1, 3, 4, 5, 7, 8, 9, and 10; Not Guilty as to Counts 2 and 6;
> Carr – Guilty as to Counts 1, 9, and 10; Not Guilty as to Count 8;
> Gonzalez – Guilty as to Counts 1, 5, and 11.

On May 17, 2006, all defendants appeared before the Court for sentencing. Smith was sentenced to 292 months incarceration as to Counts 1, 4, 7, 9, and 10 and 240 months

---

[6] Except for Count 5, which involved cocaine hydrochloride, all counts involved cocaine base, also known as "crack."

incarceration as to Counts 3, 5, and 8. Carr and Gonzalez were sentenced to 151 months incarceration on each of their respective counts of conviction.

**B.     Appeal and Writ of Certiorari**

All three defendants appealed. The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentences of each defendant. See United States v. Smith, 2007 WL 1544813 (C.A.4 W.Va.)).

Smith filed a pro se petition for certiorari with the United States Supreme Court. See Fourth Circuit Court of Appeals, Docket No. 06-4550, Entry No. 80. The petition was denied on October 9, 2007. See Smith v. United States, 128 S.Ct. 408, 169 L.Ed.2d 286 (2007).

**C.     Federal Habeas Corpus**

Petitioner contends that his counsel rendered ineffective assistance because counsel:

    1) failed to represent petitioner on "issues relating to bill of indictment;"

    2) failed to argue that the United States denied making specific offers of favors for testimony;

    3) did not advise petitioner that he could enter an Alford plea; and

    4) was vicariously ineffective as a result of Gonzalez's counsel rendering ineffective assistance.

The Government contends that:

    1) petitioner's arguments are substantive issues disguised as claims of ineffective assistance of counsel, and many of the substantive claims were raised and answered on appeal;

    2) petitioner fails to identify any violations or what was improper;

   3) petitioner's reliance on case law surrounding the entry of <u>Alford</u> pleas is mistaken; and

   4) there is no competent authority to support a claim of vicarious ineffective assistance of counsel.

**D.** **<u>Recommendation</u>**

 Based upon a review of the record, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody be denied and dismissed from the docket because petitioner's claims are without merit.

### III. <u>ANALYSIS</u>

**A.** **<u>Petitioner's Burden of Proof</u>**

 "A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." <u>Sutton v. United States of America</u>, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.** **<u>Procedurally Barred Claims</u>**

 Before evaluating the merits of petitioner's claims, the Court must determine which of petitioner's issues he may bring in his § 2255 motion and which are procedurally barred.

 It is well settled that issues previously rejected on direct appeal may not be raised in a

collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

It does not appear that any of petitioner's claims are procedurally barred.

**C.     Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

5

at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**D.     Claim 1: Whether Counsel Rendered Ineffective Assistance in Failing to Properly Represent Petitioner on Several Issues Relating to Bill of Indictment.**

Petitioner essentially interweaves two arguments relating to the Second Superseeding Indictment returned in Criminal Action Number 3:05cr7, ultimately claiming that counsel's failure to argue these issues amount to ineffective assistance.

First, petitioner argues that the indictment was defective–that there was "a variance between the indictment and as to the proof offered at trial." Petitioner summarizes and cites case law pertaining to defective indictments, but fails to explain how the indictment was defective. At most, petitioner flatly claims that the United States "did not prove that the conspiracy was used to attract a conviction on counts alleged in indictment."

Next, petitioner argues that the United States did not prove the single conspiracy charged in the indictment. Petitioner claims that there was no interdependence between his activities and those of his co-defendants, Smith and Gonzalez. Petitioner reargues witness testimony elicited at trial, concluding that the evidence does not support his conspiracy conviction. According to petitioner, counsel failed to argue this issue, which amounts to ineffectiveness.

On this point, petitioner's argument has no basis in fact. Counsel argued that the government would not meet its burden to prove petitioner was involved in a conspiracy during opening statements. (Trial transcript, Vol. 1, p. 216). At the close of the government's case in chief, counsel for petitioner made a motion for a directed verdict for acquittal on all counts, arguing specific facts for over six pages. (Trial transcript, Vol. IV, p. 294–301). Interestingly,

many of the same arguments that appear in petitioner's brief also appeared in counsel's argument on the motion. (Id.). Most notably, however, counsel argued:

> . . . it is without dispute that to the extent that Ernest Van Carr for the purpose of this argument was a drug dealer, he was separate and distinct and apart from any conspiracy or any drug trade in which Mr. Smith or Mr. Gonzalez engaged in. In other words, cousins. But there is no evidence or testimony, except for the fact according to Mr. Tolbert that Mr. Smith said you can buy some drugs off of Ernest Van Carr. That link, the fact they both engaged in that business, for the purposes of this argument, does not mean that there is a conspiracy.

(Trial transcript, Vol. IV, p. 300). Petitioner's argument has no basis in fact.

Nevertheless, to the extent that petitioner argues that counsel rendered ineffective assistance by failing to raise this issue on appeal, petitioner's argument fails. Petitioner simply re-crafted an argument that was decided by the Fourth Circuit Court of Appeals and tacked the words "ineffective assistance of counsel" to the argument in an attempt to receive another complete review of the argument. Petitioner, on direct appeal challenged the sufficiency of the evidence to prove a conspiracy, specifically that the government failed to prove an interdependence between petitioner, Smith and Gonzalez. The Fourth Circuit Court of Appeals rejected petitioner's claim. See United States v. Smith, 2007 WL 1544813 at *1 (C.A.4 W.Va.)) (evidence of Carr's knowing participation in conspiracy was sufficient to support conviction of conspiracy to distribute more than 50 grams of crack cocaine, where credibility of government's witnesses was for jury). Therefore, petitioner cannot hold counsel ineffective for not raising an argument, which he in fact raised, nor will the Court disturb a holding of the United States Court of Appeals for the Forth Circuit.

**E.    Claim 2: Whether Counsel Rendered Ineffective Assistance in Failing to Argue that the United States Denied Making Specific Offers of Favors for Testimony.**

7

Petitioner contends that his counsel attempted to impeach Government witness, William Tolbert with Government favors he might have received for testifying against petitioner, but that the United States unfairly rehabilitated the witness by asking him about specific terms of his plea agreement. Petitioner then notes that the testimony of William Tolbert and Detective Jeffries of the Charles Town Police Department was contradictory, as it related to petitioner. Consequently, petitioner concludes that Tolbert committed perjury. Petitioner then notes that Tolbert received a reduced sentence after testifying. Petitioner concludes that the Government obviously misled the jurors in rehabilitating Tolbert, that this type of conduct violates Brady v. Maryland, 373 U.S. 83 (1963), and that counsel was ineffective for not raising this issue.

The Government did not improperly use the plea agreement to rehabilitate Mr. Tolbert. Generally, the Government is permitted to ask its witness specifics about a plea agreement it may have with the witness. See United States v. Henderson, 717 F.2d 135, 137 (4th Cir. 1983) (no error in government's eliciting evidence of promise to testify truthfully made in plea agreement, whether or not defense intends to use plea agreement to impeach witnesses' credibility). Even so, petitioner does not demonstrate, identify, or explain that the rehabilitation was improper. With the text that petitioner quotes, it is not as if the government was using Mr. Tolbert to read facts contained in the plea agreement to prove petitioner's guilt. Instead, the section that petitioner complains of is where the Assistant Untied States Attorney reviewed sections on redirect that stated that the agreement did not shield Tolbert from prosecution of other crimes not contained in the plea agreement and that he could be prosecuted for perjury. Obviously, this line of redirect was related to Tolbert's credibility. This does not rise to an assignable error because the government may discuss a witnesses plea agreement "so that the

jury may assess the credibility of the witnesses the government asks them to believe." United States v. Allen, 2003 WL 21513040 at *1 (C.A.4 (Md.)) (citing United States v. Henderson, 717 F.2d 135, 137 (4th Cir. 1983))

Petitioner likewise does not demonstrate that the contradictory testimony of William Tolbert and Detective Jeffries in petitioner's instant contention, makes it "obvious [that] Tolbert committed perjury. According to petitioner:

> Tolbert testified that he purchased drugs from Petitioner at his house about three times a week for about two and a half months. However, during this same period of time, Mr. Tolbert's house was under video-surveillance, and according to Detective Jeffries–the police officer that conducted the video surveillance, Petitioner was never seen at Tolbert's house.

"A witness that testifies under oath or affirmation commits perjury if he: (1) gives false testimony; (2) concerning a material matter; (3) with the willful intent to deceive, rather than as a result of confusion or mistake." United States v. Stotts, 113 F.3d 493, 497 (4th Cir. 1997), citing United States v. Dunnigan, 507 U.S. 87 (1993); and United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). The Court agrees with the Government that the contradictory testimony does not establish that either witness lied, but that each had a different recollection of the facts.

To the extent that petitioner claims that Mr. Tolbert "perjured" himself because Detective Jeffries is a more credible witness, petitioner's claim fails. The credibility of witnesses is best left to those who have an opportunity to observe them directly. Accordingly, a jury makes determinations as to the credibility of witnesses and is not subject to review. United States v. Saunders, 886 F.2d 56 (4th Cir. 1989).

Furthermore, petitioner fails to demonstrate a Brady claim. In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that "suppression by the prosecution of evidence

favorable to an accused upon request violates due process whether the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." Accord United States v. Agurs, 427 U.S. 97 (1976). To prove a Brady violation, a defendant must show that non-disclosed evidence was (1) favorable to the defendant; (2) material; and (3) that the prosecution had the materials and failed to disclose them. Moore v. Illinois, 408 U.S. 786, 794-95 (1972); United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001), *cert. denied*, 535 U.S. 990 (2002).

Petitioner does not identify what evidence, exactly, the Government improperly withheld, but seems to indicate that Mr. Tolbert's reduced sentence for testifying at trial should have been disclosed to the defendant. However, petitioner was well aware of Mr. Tolbert's potential sentence reduction for substantial assistance. Petitioner's counsel cross-examined Mr. Tolbert on several issues including his potential sentence reduction for substantial assistance. (Trial transcript, Vol. II, p. 161-170). Consequently, petitioner fails to demonstrate even the slightest withholding of evidence or any viable Brady issue. Likewise, petitioner's counsel can hardly be found ineffective for not raising a claim that did not exist.

**F.      Claim 3: Whether Counsel Rendered Ineffective Assistance in Failing to Advise Client That He Could Have Entered an Alford Plea.**

Petitioner contends that "[f]rom the onset [he] expressed his desire to bring an end to an errant way of life as quickly as possible." However, petitioner asserts that he was never interested in cooperating with the Government. Nevertheless, petitioner argues that counsel failed to advise him that he could enter an "open" or Alford plea which, petitioner contends, would have afforded him "a three-level reduction for acceptance of responsibility." Further, according to petitioner, had counsel properly advised petitioner of this option, petitioner would

10

have considered it and entered an Alford plea. Petitioner maintains that counsel's failure to so advise amounts to ineffective assistance of counsel.

As a matter of fact, it is unknown whether any of the three attorneys that represented petitioner throughout the stages of petitioner's criminal proceedings specifically advised petitioner of the option to enter an Alford plea. Regardless, petitioner's instant claim fails.

Within the Fourth Circuit, a defendant's counsel has the following duty surrounding plea negotiations: "1) notify the client of a plea offer; 2) advise the client of the option to proceed to trial; 3) present the client with the probable outcomes of both the guilty and sentencing phases of each alternative; and 4) permit the client to make the ultimate decision." Jones v. United States, 2008 U.S. Dist. LEXIS 24908 at *7, (D. Md. Mar. 28, 2008), relying on Jones v. Murray, 947 F.2d 1106, 1110-1111 (4th Cir. 1991). Petitioner does not contest counsel's performance during the typical plea negotiation stage, but rather counsel's duty to inform petitioner of an Alford plea. Alford pleas, however, have a vastly different approach than typical plea negotiations. Under North Carolina v. Alford, 400 U.S. 25, 37-38 (1970), a defendant may plead guilty but at the same time protest his innocence. The court may accept an Alford plea and enter a verdict of guilty, so long as the government's evidence establishes a factual basis. Id.

The Court has not found a case that holds that an attorney must inform or advise a client to consider entering an Alford plea.

Nevertheless, the Court does not find it necessary to evaluate counsel's conduct to determine if any of the attorneys that represented petitioner were deficient regarding the recommendation of an Alford plea because petitioner cannot show prejudice. See Fields v. Att'y Gen. Of Maryland, 956 F.2d 1290, 1297 (4th Cir.), *cert. denied*, 506 U.S. 885 (1992) (If

11

defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance.). Here, petitioner's entire prejudice argument is based upon the supposed three-level reduction he would have received during the sentencing phase for acceptance of responsibility by entering an Alford plea as opposed to being convicted at trial.

According to the United States Sentencing Guidelines, a Court is not required to grant a defendant acceptance of responsibility even when the defendant has pleaded guilty. *See* USSG § 3E1.1, Commentary, Application Note 1. The United States Court of Appeals for the Fourth Circuit has been equally firm in noting that reductions for acceptance of responsibility should not be meted out to defendants just because the individual pleaded guilty. In United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996) the Court noted that a defendant has to prove to the court by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct" to earn a reduction based on acceptance of responsibility. Furthermore, an Alford plea (pleading guilty, but protesting innocence) is a factor that the Court may consider when imposing sentence, though it does not preclude the possibility of the reduction. See United States v. Burns, 925 F.2d 18, 20-21 (1st Cir. 1991); United States v. Tucker, 925 F.2d 990, 991 (6th Cir. 1991).

Accordingly, petitioner's speculative prejudicial argument that he would receive a reduction for acceptance of responsibility had he entered an Alford plea is without merit because the preceding review demonstrates that acceptance of responsibility reductions are not guaranteed, including the Alford plea context. Additionally, a Court may truly question whether an individual has accepted responsibility when he pleads guilty, yet protests his innocence. In any event, it is petitioner's burden to demonstrate that he was prejudiced and petitioner cannot

12

be prejudiced for not receiving something that he has no right to receive.  See United States v. Gonzalez Rivera, 2007 WL 485096 at *4 (C.A.3 (Pa.)) ("Because [petitioner] has failed to establish that he would have likely received a lower sentence but for his attorney's alleged ineffectiveness, [petitioner] has not established prejudice.")

Petitioner also bases his argument on the purported holdings of Griffin v. United States 330 F.3d 733 (6th Cir. 2003).  According to petitioner Griffin holds that "[i]f the sentence the client receives had he pleaded open and received points off for acceptance of responsibility, then prejudice is shown."  Petitioner, however, is incorrect because Griffin does not so hold.  Griffin addressed the issue of an attorney's failure to communicate to his client that the United States extended a plea offer.  Petitioner here does not make such a contention, making any further analysis of this case irrelevant in regards to petitioner's instant contention.

Petitioner also compares his situation to United States v. Blaylock, 20 F.3d 1458 (9th Cir. 1994), concluding that "the Ninth Circuit granted relief for a similar claim where counsel failed to properly advise the defendant as to all his options before proceeding to trial."  However, the Court finds that petitioner is again mistaken and fails to demonstrate how his situation is similar to Blaylock.  Blaylock's facts are similar to Griffin, where an attorney did not communicate the government's plea offer to the defendant.  In Blaylock, the Ninth Circuit stated:

> an attorney's failure to communicate the government's plea offer to his client constitutes unreasonable conduct under prevailing professional standards.  Therefore, if Blaylock's alleged factual claims turn out to be true, his former attorney's failure to communicate the plea offer to Blaylock would meet the first part of the Strickland test.

Id. at 1466. Unfortunately for petitioner, simply claiming that a case is similar to his own is not enough, he must demonstrate how it is similar, especially when the facts between the case and

13

petitioner's contention diverge.

In summation, because petitioner has failed to carry his burden in demonstrating that he was prejudiced and because his supporting case law is not factually similar, it is recommended that relief be denied.

**G.     Claim 4: Whether Petitioner's Co-Defendant's Counsel Was Gravely Ineffective In Essence, Biasing the Jury.**

Petitioner's final argument is that one of his co-defendant's counsel was ineffective, which vicariously affected petitioner, denying petitioner's right to a fair trial. Petitioner contends that counsel for Gonzalez, "so far inflamed the jury that it destroyed Petitioner's right to adequate and effective legal counsel." Petitioner also claims that Gonzalez's counsel "[wove] a multitude of legal land-mines," and was "inflammatory." Petitioner also concedes that there is no legal precedent for such argument but implores this Court to hear his argument.

The Government notes that it could not find authority for petitioner's argument. The Court, likewise, could find no authority to support petitioner's argument of vicarious ineffective assistance of counsel. Nevertheless, in United States v. Smith, 44 F.3d 1259, 1267 (4th Cir. 1995), the Court noted that "a certain amount of conflict among defendant's is inherent in most multi-defendant trials." As such, if a joint trial will prejudice a defendant of the United States, the District Court can sever defendants. *See* Fed.R.Crim.P. 14. However, it is the proponent of severance who bears the burden of demonstrating that a joint trial will cause actual prejudice. United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995). Joint trials should not be severed just out of simple desire. *See* Zafiro v. United States, 506 U.S. 534, 539 (1993) ("[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a

14

reliable judgment about guilt or innocence.")

The Court first notes that petitioner does not identify any specific instances of perceived impropriety by Gonzalez's counsel. Petitioner only makes unsupported allegations and conclusions. Because petitioner does not include any facts in his petition for the Court to review, the petitioner cannot even demonstrate how he was prejudiced to warrant further review. Unsupported contentions that there was an impropriety and that proceedings should have been different is not tantamount to actually demonstrating prejudice, which is the burden that petitioner failed to meet.

## IV. **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion be **DENIED** and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 12, 2009

*/s/James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE