IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ERNEST VAN CARR,**
　　**Petitioner,**

v.　　　　　　　　　　　　　　　　　　　　Civil Action No.　3:08CV123
　　　　　　　　　　　　　　　　　　　　　Crim. Action No.　3:05CR7
　　　　　　　　　　　　　　　　　　　　　(BAILEY)

**UNITED STATES OF AMERICA,**
　　**Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 [Doc. 402] and the petitioner's corresponding objections [Doc. 446].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections to the proposed findings and recommendation permits the district court to exercise review under the standards believed to be appropriate and, under these circumstances, the parties' right to *de novo* review is waived. *See* **Webb v. Califano**, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation [Crim. Doc. 438 / Civ. Doc. 7]** should be, and is, **ORDERED ADOPTED**.

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2255 are as follows. Petitioner was named in four counts of an eleven count Indictment charging him with one count of engaging in a conspiracy to distribute cocaine base and three counts of possession with intent to distribute cocaine. At trial, the jury found petitioner guilty of three of four counts, and, as a result, the Court sentenced the petitioner to a 151 month term of incarceration. Subsequently, petitioner unsuccessfully appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his sentence and conviction. See **United States v. Smith**, 2007 WL 1544813 (C.A.4 W.Va.).

Following the denial of his appeal, petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Civ. Doc. 1 / Crim Doc. 402]. In support, the petitioner argues that his counsel rendered ineffective assistance because counsel:

1) failed to represent petitioner on "issues relating to bill of indictment;"

2) failed to argue that the United States denied making specific offers of favors for testimony;

3) did not advise petitioner that he could enter an **Alford** plea; and

4) was vicariously ineffective as a result of Gonzalez's counsel rendering ineffective assistance.

Upon consideration, the Magistrate Judge recommended that the petition be dismissed as the petitioner's claims regarding ineffective assistance of counsel are without merit. This Court agrees.

In **Strickland v. Washington,** 466 U.S. 688 (1984), the United States Supreme

Court announced the two-part test for evaluating claims of ineffective assistance of counsel. Under **Strickland**, the defendant must first show that his counsel's performance "fell well below an objective standard of reasonableness." **Id.** at 687-88. Provided that this showing is made, the Court must still find that the results of the proceeding would have been different but for counsel errors. **Id.** at 687.

Turning to the case at bar, because trial counsel's performance fell within the objective standard of reasonableness contemplated by **Strickland**, petitioner's claims are without merit. In particular, in the context of the alleged shortcomings in counsel's research and investigation, petitioner has failed to identify with particularity any errors or omissions on the part of counsel. A review of the above standard makes clear that **Strickland** requires more than the bald assertion that, had counsel not been ineffective he would have uncovered some undisclosed evidence or argument necessitating acquittal.

The petitioner did file an Objection, but it simply asks this Court to consider his untimely Reply brief, which he filed after the magistrate judge issued his R&R. Despite their untimeliness, this Court will nevertheless consider the arguments contained in the subsequently filed Reply [Doc. 448]. However, after a thorough review of petitioner's supplemental arguments, the Court finds no reason to disturb the findings of the Magistrate Judge.

Accordingly, for the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation [Crim. Doc. 438 / Civ. Doc. 7]** is **ORDERED ADOPTED**;

2. That the **Motion to Vacate under § 2255 [Crim. Doc. 402 / Civ. Doc. 1]** is **DENIED;** and

3. It is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the petitioner.

**DATED**: June 29, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE